IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

DR. GREGG BATTERSBY
7800 Hwy. 81 South
Starr, South Carolina 29684.
PLAINTIFF,

Civil Action No. ~~14AV99999~~   8:14cv761-HMH

V.

**COMPLAINT**

Dr. Joseph Carew, in his individual capacity
1811 Bull St.
Columbia, South Carolina 29201

Filed:   03/06/2014

Dr. Richard Heavner, in his individual capacity
1501 Heritage Ln.
Florence, South Carolina 29505

Dr. Brian Hughes, in his individual capacity
332 East White St.
Rock Hill, South Carolina 29730

Dr. Jeanne McDaniel-Green, in her individual capacity
1109 S. Church St.
Greenville, South Carolina 29605

Dr. John McGinnis, in his individual capacity
764 West Liberty St.
Sumter, South Carolina 29150

Dr. David Mruz, in his individual capacity
3014 West Wade Hampton Blvd.
Taylors, South Carolina 29687

Dr. Ralph Roles, in his individual capacity
1835 Savage Rd.
Charleston, South Carolina 29407

Dr. Harvey Garcia, in his individual capacity

2112 North Hwy. 81
Anderson, South Carolina 29621

E. J. Mercer, in his individual capacity
324B N. Main St.
Sumter, South Carolina 29150

John Does 1-10,
DEFENDANTS.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Dr. Gregg Battersby, through his undersigned attorneys, hereby files this Complaint seeking declaratory and injunctive relief and damages against Defendants' sued in their individual capacities for violation of his constitutional rights under the due process clause of the Fourteenth Amendment, and avers as follows:

### SUBJECT MATTER JURISDICTION

1. This Court possesses subject matter jurisdiction over the Complaint under 28 U.S.C. 1331 because Plaintiff's claims arise under a federal statute, 42 U.S.C. 1983, and the United States Constitution.

### PERSONAL JURISDICTON

2. This Court has personal jurisdiction over the Defendants in their individual capacities because all nine Members of the Chiropractic Board of South Carolina reside in South Carolina; and, their acts or omissions giving rise to Plaintiff's claims occurred in South Carolina.

### VENUE

3. Venue is proper under 28 U.S.C. 1391(b) because Plaintiff and Defendants reside in this District; and, the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff Dr. Gregg Battersby has been a licensed chiropractor since 1982. He has practiced chiropractic in South Carolina since 2007 until his license was temporarily suspended by Defendants indefinitely without a hearing on August 20, 2013. Plaintiff resides at 7800 Hwy. 81 South, Starr, South Carolina, where he also conducts his chiropractic business.

5. Sued in his individual capacity, Defendant Dr. Joseph Carew is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 1811 Bull St., Columbia, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

6. Sued in his individual capacity, Defendant Dr. Richard Heavner is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 1501 Heritage Ln., Florence, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

7. Sued in his individual capacity, Defendant Dr. Brian Hughes is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 332 East White St., Rock Hill, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely

without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

8. Sued in her individual capacity, Defendant Dr. Jeanne McDaniel-Green is a Member of the South Carolina Board of Chiropractic Examiners. Her business address is 1109 S. Church St., Greenville, South Carolina. She voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

9. Sued in his individual capacity, Defendant Dr. John McGinnis is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 764 West Liberty St., Sumter, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

10. Sued in his individual capacity, Defendant Dr. David Mruz is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 3014 Wade Hampton Blvd., Taylors, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

11. Sued in his individual capacity, Defendant Dr. Ralph Roles is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 1835 Savage Rd., Charleston, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

12. Sued in his individual capacity, Defendant Dr. Harvey Garcia is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 2112 North Hwy. 81, Anderson, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

13. Sued in his individual capacity, Defendant E.J. Mercer is a Member of the South Carolina Board of Chiropractic Examiners. His business address is 324B N. Main St., Sumter, South Carolina. He voted to temporarily suspend Plaintiff's license indefinitely without a hearing on August 20, 2013, under color of state law, section 370 (c) of the South Carolina Administrative Code.

STATEMENT OF FACTS

14. Without notice or an opportunity to respond, Plaintiff received an Order of Temporary Suspension (hereinafter "TSO") of his license to practice chiropractic issued by Defendants dated August 20, 2013.

15. A chiropractic license in South Carolina is a property or liberty interest protected from deprivation without due process of law under the Fourteenth Amendment to the United States Constitution.

16. The TSO pivoted on an unelaborated assertion that Dr. Battersby posed a "serious threat to the public health, safety, or welfare and that the public interest imperatively" required Dr. Battersby's temporary license suspension pending further order of the Board.

17. The factual foundation of the TSO rested primarily on indecent exposure allegations of former patients of Plaintiff, Carrie Neal and Jan Morton, according to an Affidavit of Investigator Joel M. Griggs of the S.C. Department of Labor, Licensing, and Regulation, Division of Professional and Occupational Licensing.

18. Both Carrie Neal and Jan Morton had motives to fabricate the allegations, including but not limited to outstanding invoices from Plaintiff.

19. Ms. Neal was treated by Plaintiff 87 times without incident from Sept. 5, 2012 to May 8, 2013.

20. Ms. Neal has an outstanding balance of $12,100.00 owed to Plaintiff.

21. Ms. Neal referred Jan Morton to Plaintiff on May 2, 2013.

22. Ms. Neal alleges Plaintiff indecently exposed himself on May 23, 2013, although her cell phone records, including local metadata, show Ms. Neal was at her home all day and not in Plaintiff's cell tower area.

23. Ms. Neal made no calls to Plaintiff before her alleged visit on May 23, 2013 informing me she would be coming for treatment. Plaintiff works by appointment only. Ms. Neal was discharged as a patient by Plaintiff on May 8, 2013.

24. Ms. Morton alleged Plaintiff indecently exposed himself on June 1, 2013. After that treatment, Ms. Morton asked for Plaintiff to treat her on June 2 because of pain. Plaintiff frequently treats patients on Sunday if needed.

25. Ms. Neal and Ms. Morton had 47 communications between May 23, 2013 and June 1, 2013. On information and belief, Ms. Neal said nothing to Ms. Morton about the

alleged May 23 incident in these conversations, although the two are close friends and Neal referred Morton to Plaintiff as a patient.

26. Ms. Neal waited eight (8) weeks after the alleged incident with Plaintiff before filing a complaint with law enforcement. Ms. Morton waited five (5) weeks after the alleged incident with Plaintiff to file a complaint with law enforcement.

27. Ms. Neal and Ms. Morton contacted each other 150 times in May, 2013, and 183 times in June 2013.

28. The TSO issued by Defendants was indefinite in duration.

29. The TSO did not provide Plaintiff an opportunity to request an evidentiary hearing to challenge the factual accuracy of the Neal-Morton allegations that prompted the TSO, although the credibility of the two was at the heart of Defendants' TSO.

30. Plaintiff denied and continues to deny their indecent exposure allegations.

31. Defendants denied Plaintiff authority to issue subpoenas or take depositions to prepare for an evidentiary hearing on the truthfulness of the Neal-Morton allegations.

32. Defendants denied Plaintiff's Motion filed on November 6, 2013 seeking a withdrawal of the TSO, or, in the alternative, an evidentiary hearing on the factual allegations that occasioned the TSO no later than November 15, 2013.

33. Defendants have stated to Plaintiff that they may never initiate a formal complaint against Plaintiff under the South Carolina Administrative Code to revoke or permanently suspend his chiropractic license in which Plaintiff would be provided an opportunity to challenge the Neal-Morton allegations or other allegations professedly relied upon by Defendants to justify issuing the indefinite TSO.

34. In issuing the indefinite TSO on August 20, 2013, Defendants have, de facto or de jure, in their individual capacities, permanently deprived Plaintiff of his property or liberty interest in his South Carolina license to practice chiropractic without a pre-deprivation hearing or prompt post-deprivation hearing to contest the truthfulness of the allegations against Plaintiff used to justify issuing the TSO in violation of the Fourteenth Amendment and 42 U.S.C. 1983.

35. Defendants either knew or should have known that their August 20, 2013, indefinite suspension of Plaintiff's license to practice chiropractic without a pre-deprivation hearing or prompt post-deprivation hearing violated Plaintiff's clearly established constitutional right to due process.

36. As a proximate cause of Defendants' unconstitutional actions, Plaintiff has lost professional income, his future ability to practice chiropractic has been destroyed, and he has suffered immense mental and emotional pain, suffering, and humiliation.

CAUSE OF ACTION

37. Plaintiff re-alleges paragraphs 1-36.

38. In issuing the indefinite TSO, Defendants have violated Plaintiff's clearly established constitutional right to due process under the Fourteenth Amendment and 42 U.S.C. 1983 of which Defendants knew or should have been known to a reasonable person in like circumstances.

39. Defendants acted with actual malice against Plaintiff in violating his clearly established constitutional right to due process.

40. Defendants' violation of Plaintiff's constitutional rights proximately caused Plaintiff damages in lost income—past and prospective—and mental and emotional pain, suffering, and humiliation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Defendants indefinite TSO without a pre-deprivation hearing or prompt post-deprivation hearing violated Plaintiff's clearly established constitutional rights to due process and 42 U.S.C. 1983 of which Defendants either knew or should have known;

2. Issue a mandatory injunction directing Defendants to withdraw the TSO against Plaintiff retroactively as of August 20, 2013, and to expunge the August 20, 2013 TSO from Defendants' records;

3. Award Plaintiff compensatory and punitive damages according to proof against Defendants jointly and severally for violation of Plaintiff's clearly established constitutional right to due process.

4. Award Plaintiff attorney's fees under 42 U.S.C. 1988 (b).

5. Enter a preliminary injunction immediately reinstating Plaintiff's license to practice chiropractic.

6. Award Plaintiff fees and costs pursuant to 28 U.S.C. 2412;

7. Grant such other relief as the Court deems just and proper.

**JURY TRIAL**

Plaintiff demands a jury trial on all issues triable by jury.

## ENDORSEMENT AND CERTIFICATION

I hereby certify that a substantial part of the events or omissions giving rise to the claim occurred in Anderson, South Carolina, and thus the complaint should be assigned to that Division accordingly.

*/s/ Donald L. Smith*
Donald L. Smith

Respectfully submitted,

Donald L. Smith
122 N. Main Street
Anderson SC 29621
Telephone:    (864) 642-9284
Facsimile:    (864) 642-9285
attorneydonaldsmith@gmail.com

Bruce Fein
Bruce Fein & Associates, Inc.
722 12th Street, N.W., 4th Floor
Washington, D.C. 20005
Phone: 703-963-4968; 202-785-2166
bruce@thelichfieldgroup.com

Date: March 6, 2014