IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Dr. Gregg Battersby, | ) | |
| | ) | C.A. No. 8:14-761-HMH |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Dr. Joseph Carew, Dr. Richard Heavner, | ) | |
| Dr. Brian Hughes, Dr. Jeanne | ) | |
| McDaniel-Green, Dr. John McGinnis, | ) | |
| Dr. David Mruz, Dr. Ralph Roles, | ) | |
| Dr. Harvey Garcia, E. J. Mercer and John | ) | |
| Does 1-10, in their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Dr. Gregg Battersby's motion for partial summary judgment and declaratory and injunctive relief and on the Defendants' motion for summary judgment. For the reasons set forth below, the court denies the Plaintiff's motion for partial summary judgment and grants the Defendants' motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is a chiropractor licensed to practice in the state of South Carolina. On August 20, 2013, the Plaintiff's license was suspended by the State Board of Chiropractic Examiners ("Board") after investigation by the Office of Investigations and Enforcement ("OIE") of the South Carolina Department of Labor, Licensing and Regulation ("SCDLLR"). (Def. Mem. Supp. Summ. J. Ex. A (Order of Suspension), ECF No. 32-1.) The investigation was initiated after SCDLLR learned that the Plaintiff had been arrested on two counts of indecent exposure allegedly occurring at his place of practice in May 2013 and June 2013. (Id. Ex. A (Aff. of Joel Griggs), ECF No. 32-2.) In addition, the Board ordered the Plaintiff to

1

submit to an evaluation by R. Gregg Dwyer, M.D., Ed.D, to determine whether the Plaintiff was under a physical or mental disability that would make his further practice a danger to the public. (Id. Ex. B (Order Requiring Evaluation), ECF No. 32-2.) The Plaintiff's counsel requested a timely administrative hearing to contest the order of temporary suspension. At the request of the Plaintiff's counsel, the hearing was delayed and later scheduled for October 30, 2013, before a hearing officer, Dr. W. Dean Banks, D.C. (Id. Ex. C (Emails from Pl. counsel), ECF No. 32-3.) After the presentation of the testimony and evidence, Dr. Banks ruled at the conclusion of the hearing as follows:

> Okay. So after hearing this testimony, what I've decided is I want to leave the TSO in place pending the evaluation to be done as previously recommended. And if it's deemed – if Dr. Battersby is deemed suitable to practice, then the TSO should be lifted and he should be allowed to practice. But during the practice, he should have a chaperone in the room as per the recommendation.

(Id. Ex. D (Hr'g Tr. 100), ECF No. 32-4.) To date, the Plaintiff has not submitted himself for the ordered evaluation. The instant complaint was filed on March 6, 2014, alleging that the Defendants, in their individual capacities, violated the Plaintiff's right to due process in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. The Plaintiff seeks a declaratory judgment, monetary damages, and injunctive relief. SCDLLR filed a formal complaint to the Board against the Plaintiff on July 2, 2014. (Id. Ex. E (Formal Compl.), ECF No. 32-5.)

The Plaintiff filed a motion for partial summary judgment on July 9, 2014, requesting that the court set aside the order of temporary suspension as unlawful and reinstate his chiropractor's license. Further, the Plaintiff seeks a declaration that the Board's procedures violated due process and that the Defendants did not act in good faith. On July 28, 2014, the Defendants responded to the Plaintiff's motion for partial summary judgment and filed a motion for summary judgment arguing that this case should be dismissed because the Defendants are

entitled to absolute immunity and Younger abstention requires the court to refrain from interfering with the ongoing state proceedings. The Plaintiff filed a reply to the Defendants' response to the motion for partial summary judgment on August 4, 2014, and filed a memorandum in opposition to the Defendants' motion for summary judgment on August 18, 2014. The Defendants filed a reply on August 21, 2014. This matter is now ripe for review.

## II. Discussion of the Law

### A. Motion for Summary Judgment

For the court to grant summary judgment, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citation omitted). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cnty. of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996) (citation omitted).

### B. The Plaintiff's Motion for Partial Summary Judgment

The Plaintiff alleges in his motion for partial summary judgment that he is entitled to declaratory and injunctive relief and monetary damages because no genuine issues of material fact exist. The Plaintiff claims that the uncontroverted facts reveal that the Defendants issued a order of temporary suspension of indefinite duration without providing the Plaintiff a predeprivation hearing or prompt post-deprivation hearing to contest the truthfulness of the claims against him in violation of the Fourteenth Amendment. (Pl. Mem. Supp. Partial Summ. J., generally, ECF No. 28.)

The evidence submitted by the Defendants reveals that the Plaintiff contested the order of temporary suspension in a hearing and that the Plaintiff was ordered to submit for an evaluation by a physician to determine whether he could return to practice. (Defs. Mem. Opp'n Pl. Mot. Partial Summ. J. 4, ECF No. 33.) After the hearing, the hearing officer upheld the temporary order of suspension and found that if the physician's evaluation deemed the Plaintiff suitable to practice, the order of temporary suspension should be lifted. (Id. Ex. F (Hr'g Tr.).) At a minimum, there are numerous genuine issues of material fact with respect to the Plaintiff's claims for relief. Therefore, the Plaintiff's motion for partial summary judgment is denied. Moreover, for the reasons set forth below, the Defendants are entitled to summary judgment as a matter of law.

### C. Defendants' Motion for Summary Judgment

### 1. Absolute Immunity

The Plaintiff seeks to recover damages from the Defendants, in their individual capacities,[1] for violating 42 U.S.C. § 1983 in failing to afford the Plaintiff the required due process in suspending his license. The Defendants allege that they are entitled to absolute immunity from suit in their individual capacities for actions taken as members of the Board. In Butz v. Economou, 438 U.S. 478 (1978), the United States "Supreme Court held that agency officials who perform quasi-judicial functions are entitled to absolute immunity from suit." Richter v. Conner, No. 93-1433, 1994 WL 118011, at *3 (4th Cir. Apr. 8, 1994) (unpublished).

> In applying the *Butz* decision, the lower courts have identified three criteria to determine if an official is entitled to absolute quasi-judicial immunity: (1) if the official's functions are similar to those of a judge, in that the official determines the law and the facts of the case; (2) if the official makes decisions sufficiently controversial that they are likely to foster suits for damages by disappointed parties; and (3) if sufficient procedural safeguards are in place to protect against constitutional deprivations.

Id. at *3. Thus, whether the Defendants, who are all Board members, are entitled to absolute immunity depends upon the function that the Board carries out.

Pursuant to S.C. Code Ann. § 40-9-30(B), the Board members in the instant case are appointed by the South Carolina Governor to 4-year terms. Removal from the Board can only be for certain specified cause. See id. The Board powers include "prosecution" and the

---

[1] The Plaintiff indicates in his complaint caption that he is suing the Defendants in their official and individual capacities. To the extent the Plaintiff is suing the Defendants for damages in their official capacities under 42 U.S.C. § 1983, this claim is dismissed. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." Hafer v. Melo, 502 U.S. 21, 26 (1991).

"revocation, suspension, or restriction of the license of a licensee to practice chiropractic." § 40-9-30(D).  Further, the Board has certain emergency powers, including the ability to order temporary suspension of a license where the alleged conduct involves "an imminent threat to the public."  S.C. Reg. § 25-9(A)(1).  Notably, the regulations specifically provide as follows:

> Initial complaints regarding alleged professional misconduct that involve what may be determined to be an imminent threat to the public, incorporating a finding to that effect in an order, may require the issuance of a temporary suspension order.  A temporary suspension order may be issued without a prior hearing being afforded to the licensee, in which event the licensee may request by the close of the next business day after receipt of the order a review by an administrative hearing officer.  The fact of suspension or restriction of a license, and the fact of any subsequent related action, is public information under the Freedom of Information Act after issuance of an order, unless a review by the administrative hearing officer has been timely requested in writing.  Filing a written request for a review by the administrative hearing officer does not stay the temporary suspension and no stay may be issued; however, the fact of the issuance of the temporary suspension order must not be made public until the time for requesting a review has passed or the administrative hearing officer issues an order after a review hearing.  Upon proper written request, a review hearing must be held by the administrative hearing officer within three business days of the filing of the request for review, unless otherwise agreed by the parties.  If the issuance of the temporary suspension order is not sustained by the administrative hearing officer, the matter must remain confidential and must not be made public, except to the extent the Board considers it relevant to the final decision of the Board.

A formal complaint is issued "[i]f the Board determines sufficient facts exist to support an alleged violation."  § 25-9(B).  After issuance of a formal complaint, a hearing is scheduled before the Board, and the respondent has the right to appear with counsel and submit briefs and present oral argument.  Id.  A final decision by the Board is appealable to the administrative law court.  § 25-9(C).

The Plaintiff contends that the Defendants are not entitled to absolute immunity because they failed "to promptly hold a post-deprivation hearing to adjudicate Plaintiff's challenge to the [temporary suspension order's] allegations."  (Pl. Mem. Opp'n Defs. Mot. Summ. J. 4, ECF No.

6

36.) It is undisputed that the Plaintiff timely requested a post-deprivation hearing to challenge the August 20, 2013, temporary suspension order. Due to scheduling conflicts of the Plaintiff's counsel, the hearing was delayed until October 2013. (Defs. Mem. Supp. Summ. J. Ex. C (Emails from Pl. counsel), ECF No. 32-3.) At the hearing, the Plaintiff was provided an opportunity to present evidence and be heard by the hearing officer. (Id. Ex. D (Hr'g Tr., generally), ECF No. 32-4.) The Plaintiff contends that he should have been permitted to submit additional information and evidence and that the October 2013 hearing lacked any procedural safeguards. The Plaintiff complains that he was denied discovery for the hearing on the temporary suspension order. (Pl. Mem. Opp'n Defs. Mot. Summ. J. 3, ECF No. 36-1.) Further, he argues that the hearing was improperly limited to the information provided to the Board Vice Chairman when he signed the order and whether there was probable cause to believe that the Plaintiff posed a "serious threat to the public health, safety or welfare" such that his license should be temporarily suspended immediately. (Id. Ex. A (Hearing Recommendation), ECF No. 36-1.) Based on the undisputed facts, the Plaintiff was not denied a post-deprivation hearing. In essence, the Plaintiff is challenging the sufficiency of the hearing and the procedures employed by the Defendants in ordering the temporary suspension of his license.

      The Defendants are plainly entitled to absolute immunity. The Board functions similarly to a judge and makes "sufficiently controversial" decisions. The process is adversarial in nature and the Board acts as the adjudicator. Further, there are numerous procedural safeguards in place, including the right to a hearing upon issuance of a temporary suspension order, a full hearing upon issuance of a formal complaint, and appeal of the Board's decision to the administrative law court. S.C. Reg. § 25-9(B)-(C). The Plaintiff has the right to present evidence and to be represented by counsel. Butz only requires sufficient procedural safeguards in

7

order for absolute immunity to apply. In other words, Butz does not require that every procedural safeguard available must be provided to the Plaintiff.

A review of the October 30, 2013, transcript reveals that the Plaintiff presented legal arguments, cross-examined the witness produced by the SCDLLR, and had the option of introducing evidence on his own behalf. (Defs. Mem. Supp. Summ. J. Ex. D (Hr'g Tr., generally), ECF No. 32-4.) After hearing the witnesses and presentation of the evidence, the hearing officer decided to leave the temporary suspension order in place pending the ordered evaluation. A formal complaint was issued on July 2, 2014 against the Plaintiff. (Id. Ex. E (Formal Compl.), ECF No. 32-5.) However, the Plaintiff has requested that the evidentiary hearing on the formal complaint be delayed until resolution of this case. (Defs. Mem. Opp'n Pl. Mot. Partial Summ. J. Ex. D (Letter Continuance Request).) In addition, the Plaintiff has the right to appeal any adverse decision by the Board on the formal complaint. Based on the foregoing, the court finds that there are sufficient procedural safeguards in place.

Further, absolute immunity applies even if the Board commits procedural errors, including the failure to provide a timely hearing. Connor, 1994 WL 118011, at *4; Thompson v. Duke, 882 F.2d 1180, 1186 (7th Cir. 1989); Pate v. United States, 277 F. Supp. 2d 1, 10-11 (D.D.C. 2003) (holding that the members of parole board were entitled to absolute immunity against the claim that they violated the parolee's constitutional rights when they failed to provide him with a timely parole revocation hearing).[2] Based on the foregoing, the Defendants are

---

[2]Notably, numerous lower federal courts have held that state health professionals' boards who are protected from external pressure and exercise quasi-judicial power have absolute judicial immunity. See, e.g., Mason v. Arizona, 260 F. Supp. 2d 807, 821 (D. Ariz. 2003) (chiropractic board); O'Neal v. Mississippi Bd. of Nursing, 113 F.3d 62, 66-67 (5th Cir. 1997) (nursing board members); Alexander v. Margolis, 921 F. Supp. 482, 486-87 (W.D. Mich. 1995), aff'd, 987 F.2d 1341, 1996 WL 583365, at *1 (6th Cir. 1996) (medical board members); Wang

entitled to summary judgment as a matter of law on the Plaintiff's claim that the Defendants are liable in their individual capacities for monetary damages under 42 U.S.C. § 1983.

### 2. Younger Abstention

In addition, the Defendants allege that the Plaintiff's declaratory and injunctive relief claims must be dismissed due to Younger v. Harris abstention. 401 U.S. 37 (1971). Pursuant to the Younger abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, if there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432-34 (1982); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there Is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. The Supreme Court has extended the Younger doctrine to state civil proceedings that are administrative in nature. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626-27 (1986).

The Plaintiff alleges that the proceeding before the Board is "completely independent from Plaintiff's due process claims" and will not afford him an adequate opportunity to raise his

---

v. New Hampshire Bd. of Registration in Med., 55 F.3d 698, 702 (1st Cir. 1995) (same); Watts v. Burkhart, 978 F.2d 269, 278 (6th Cir. 1992) (en banc) (same); Bettencourt v. Bd. of Registration, 904 F.2d 772, 782 (1st Cir. 1990) (same); Horwitz v. State Bd. of Med. Exam'rs, 822 F.2d 1508, 1515 (10th Cir. 1987) (same); Howard v. Miller, 870 F. Supp. 340, 344-45 (N.D. Ga. 1994) (same).

constitutional due process challenge. (Pl. Mem. Opp'n Summ. J. 8, ECF No. 36.) The Plaintiff has the burden to show that the state procedural law prevents Plaintiff from presenting his federal claims. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987). In Ohio Civil Rights Commission, the Supreme Court

> reject[ed] the plaintiff's argument that abstention in favor of [administrative] proceedings was inappropriate because state law did not authorize the agency to address constitutional challenges, . . . explain[ing] that abstention was nonetheless appropriate because the agency could "construe its own statutory mandate in the light of federal constitutional principles" or the plaintiff could raise its constitutional claims in "state-court judicial review of the administrative proceeding."

Moore v. City of Asheville, N.C., 396 F.3d 385, 395 (4th Cir. 2005) (quoting Ohio Civil Rights Comm'n, 477 U.S. at 629).

"[F]ederal intervention before a state court has had the opportunity to review an agency's decision . . . [creates] a disruption of the State's efforts to protect interests which it deems important." Wilson, 519 F.3d at 166 (internal quotation marks omitted). The purpose of abstention is "to ensure that state courts may construe state law in a way that avoids unwarranted determinations of federal constitutional questions and to maintain comity between the state and federal courts." Id. Accordingly, where a plaintiff fails "to exhaust its administrative remedies, and could have asserted its constitutional claims in the state proceedings . . . [the] principles of comity demand application of Younger abstention." Id. at 167.

In the case at bar, there is an ongoing state proceeding that was initiated before the filing of this lawsuit. Further, the state proceeding concerns important state interests regarding the safety of the public. See Phillips v. Virginia Bd. of Med., 749 F. Supp. 715, 722-23 (E.D. Va. 1990) ("It is difficult to imagine a state interest more important than the protection of citizens against the harms of unethical or incompetent practitioners of the healing arts.").

10

There is no evidence before this court that the Plaintiff will be prevented from raising his constitutional claims in the hearing before the Defendants and on appeal to the South Carolina administrative law court. "To hold that the state proceedings are inadequate for resolving federal claims would erode the well-established presumption that state courts will safeguard federal constitutional rights." Bieber v. S.C. Comm'n on Lawyer Conduct, 6:08-2215-HMH, 2008 WL 4442629, at *3 (D.S.C. Sept. 24, 2008) (unpublished). Thus, the court finds that Plaintiff has an adequate opportunity to raise his federal claims. Therefore, abstention is appropriate in this case. See e.g., Goldwater v. State Bd. of Chiropractic Exam'rs, No. 00-15395, 2001 WL 583130, at *1 (9th Cir. May 30, 2001) (unpublished) (affirming district court's dismissal of injunctive relief claims based on Younger abstention because of pending proceedings before chiropractic board); Bettencourt, 904 F.2d at 778-79 (affirming dismissal of physician's injunctive and declaratory relief claims against state medical board based on Younger abstention).

Based on the foregoing reasons, the court finds that Plaintiff's arguments are without merit and abstains from hearing Plaintiff's federal claims for injunctive and declaratory relief in deference to the state's interests.

It is therefore

**ORDERED** that the Plaintiff's motion for partial summary judgment, docket number 28, is denied. It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 32, is granted.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      Senior United States District Judge

Greenville, South Carolina
August 28, 2014